GOURDIER <em>v.</em> THORP and HOAG.

Where proceedings to enforce a lien under the act for the security of mechanics and others, passed July 11, 1851, are instituted by the contractor against the owner, *it is not necessary* that the *owner*, in order to entitle him to prove that the work was not done in accordance with the contract—or that the contract has not been performed—or to entitle him to recoup his damages for imperfections in the work, should serve a notice of his claim in this respect by a bill of particulars or otherwise, before the time of appearance.

Gourdier v. Thorp.

Such a defence is not an " *off set*," within the meaning of the fifth section of the act.

Recoupment and set off are in their nature widely different; and it was not intended by the legislature to embrace both in the term " *off set*," used in the lien law.

GENERAL TERM, JANUARY, 1854.

THIS was an action by the contractor against the owners, under the provisions of the lien law of 1851. Judgment was obtained by the plaintiff. The defendants appealed, relying upon an exception taken by them to the ruling of the justice, excluding testimony offered on their behalf at the trial.

BY THE COURT. WOODRUFF, J.—The court below refused to permit the defendants to show that the work for which the plaintiff had obtained a lien was unskillfully performed, although this was set up in the answer as a ground of defence ; and the return states, that the ground of the objection to this evidence was, that the defendants had not served a bill of particulars of any offset, pursuant to the 5th section of the act of 1851, " for the security of mechanics," &c., under which this proceeding was instituted. I think the decision was founded in an erroneous view of the nature of the defence thus attempted to be proved, or in a misapprehension of the effect of the section of the statute referred to.

The plaintiff had agreed to perform certain work and labor, as a carpenter and joiner, in a good, substantial, and workmanlike manner; he had brought his action for the money due for that work, in effect, by his notice of claim averring performance of his agreement. The defendants denied all the plaintiff's allegations, and sought to prove that the work was not done in a good, substantial, and workmanlike manner. This was no attempt to prove a set off. The defence went to the whole ground of action. It *tended* to show that nothing was due, *because* the plaintiff had not performed his agreement. The act in question does not require that a statement of such a defence shall be made in any bill of particulars, or other paper, to be served before the appearance of the parties. It

is not the subject of a bill of particulars. It is only when a *set off* is claimed that the defendant is, by the statute, required to serve a bill of particulars.

Again, the defence was competent under the pleadings, by way of *recoupment, i. e.,* not as a set off against the plaintiff's claim, but as an *abatement* from the contract price, by reason of imperfection in the work done under the contract. Recoupment and set off are so widely different in their nature, that we cannot suppose that the legislature intended to embrace both in the one well understood term, " offset." Upon either or both of these grounds, therefore, the testimony ought to have been received.

The defect in the notice of appeal having been waived by express stipulation, the judgment must be reversed.

Judgment reversed.